UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AUSTIN ANDENMATTEN, ) | CASE NO. 1:12-cv-00582 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE |
| ) | |
| ) | |
| MACY'S INC., MACY'S CREDIT AND ) | COMPLAINT |
| CUSTOMER SERVICES, INC. and DEPARTMENT ) | DEMAND FOR JURY TRIAL |
| STORES NATIONAL BANK, JOHN DOES 1-10, ) | |
| JANE DOES 1-10, and X, Y, Z CORPORATIONS ) | |
|     Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Austin Andenmatten, an individual consumer, against Defendants for violations of the law, including but not limited to, violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts in engaging in harassing and unconsented phone calls to Plaintiff's cell phone.

### *II. JURISDICTION*

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. §§ 1331 and 1337. It also arises under 28 U.S.C. § 1367 for supplemental state claims. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business and resides here.

### III.     PARTIES

3.  Plaintiff, Austin Andenmatten (hereinafter "Austin") is a consumer, a natural person, residing in Suffolk County, in the state of Massachusetts.

4.  Defendant, Macy's Inc. is a Delaware corporation with its primary headquarters operations in Hamilton County, at 7 West Seventh Street, Cincinnati, Ohio 45202.  Macy's Inc. owns and operates department stores nationwide under the Macy's and Bloomingdale's names. Macy's Inc. has more than 50 million proprietary charge accounts on record.

5.  Defendant Macy's Credit and Customer Services, Inc. located at 9111 Duke Boulevard, Mason, Ohio, 45040 is a subsidiary of Macy's, Inc. that provides credit processing and collections services for credit card accounts used to purchase merchandise at the department stores owned and operated by Macy's, Inc.

6.  Defendant Department Stores National Bank, located at 701 East 60th Street, Sioux Falls, South Dakota, issued Plaintiff's Macy's charge card, and is identified as the creditor on Plaintiff's monthly Macy's Star Rewards account statements.

7.  John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

8.  Jane Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint.

Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

9. X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

10. At all times relevant hereto, while conducting business in Massachusetts, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

11. At all times described herein, Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

## IV. FACTUAL ALLEGATIONS

12. Herein, whenever Plaintiff Austin Andenmatten alleged that Defendants either acted or failed to act in some manner, it means that Austin alleges that Defendants acted through one or more of their authorized employees, representatives and/or agents.

13. Upon information and belief, within one year prior to the filing of this complaint, Defendants placed harassing calls to Austin, through the usage of an auto-dialer, for the purpose of collecting a consumer debt from him; he is a 'person' as defined by 47 U.S.C. § 153(10).

14. Upon information and belief, Defendants began contacting Austin and placing numerous automated calls to Austin prior to May of 2012 and prior to that month Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendants called Austin using an automatic telephone dialing system (hereinafter "auto-dialer") as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) on numerous occasions, without his consent.

16. Upon information and belief, Defendants knowingly and/or willfully acted in the manner described above without Austin's invitation or permission, and Austin told Defendants multiple times within a year prior to the filing of this complaint not to call him.

17. Defendants communicated by telephone with Austin with unreasonable and harassing frequency, continuing to call him using an auto-dialer though he had already told it not to; he told Defendants that he was in final exams at law school and couldn't take their harassing calls, and also on a later date had told them that he was in the hospital recovering from serious injuries, while he was expecting surgery.

18. These telephone calls constituted calls that were not for emergency purposes, yet Defendants had informed Austin that the auto-dialer calls would not cease despite his telling them multiple times to stop calling him.

19. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed, frustrated, and angered, amongst other negative emotions.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA

20. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendant violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service, without his express consent.

22. As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff Austin Andenmatten for declaratory judgment that Defendants violated to TCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227 from each Defendant herein.

## SECOND CLAIM FOR RELIEF - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23. Plaintiff Austin Andenmatten repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by

>rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

25. In enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers, such as Austin, and place restrictions on unsolicited telephone calls placed to individuals' cell phones for commercial purposes, and by imposing obligations upon creditors engaging in debt collection, such as Defendants, to not place any calls to the cell phone of a consumer in violation of FCC regulations.

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including creditors engaging in debt collection, albeit without a private right of action, when it stated as part of its purposes:

>It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

27. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Austin, namely, by repeatedly and unlawfully attempting to collect an alleged consumer debt from Austin in a harassing manner, and thereby invaded Austin's privacy.

28.  Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Austin, namely, by repeatedly and unlawfully contacting his cell phone using an automatic telephone dialing system, after he had already told Defendants not to call him, and thereby invaded Austin's right to privacy.

29.  Defendants and their agents intentionally and/or negligently caused emotional harm to Austin by engaging in highly offensive conduct in the course of trying to collect on th alleged debt, which amounted to a campaign to intentionally and maliciously harass, bother, frustrate, agitate, aggravate, and annoy Austin, thereby invading and intruding upon Austin's right to privacy.

30.  Austin had a reasonable expectation of privacy in Austin's solitude, seclusion, private concerns and affairs.

31.  The conduct of these Defendants and their agents, in engaging in the above-described illegal and harassing debt collection conduct against Austin, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

32.  As a result of such intrusions and invasions of privacy, Defendants are liable to Austin for actual damages in an amount to be determined at trial from each and every Defendant.

### *THIRD CLAIM FOR RELIEF - INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

33.  Plaintiff Austin Andenmatten incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The acts, practices and conduct engaged in by the Defendants vis-a-via Austin were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Ohio.  At the very least, it constitutes the negligent infliction of emotional distress under the laws of Ohio, with the harm caused being the severe emotional distress suffered by Austin.

36. Defendants' acts as described above were done intentionally with the purpose of coercing Austin to pay on the alleged consumer debt.

37. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

WHEREFORE, Plaintiff Austin Andenmatten respectfully requests that judgment be entered against Defendants, for the following:

> A. Actual damages from each Defendant pursuant to 47 U.S.C. 227 for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff, and from each Defendant for intentional and/or negligent infliction of emotional distress in an amount to be determined at trial for Plaintiff; and
>
> B.  Trebled Statutory damages pursuant to 47 U.S.C. § 227(c)(5); and

C. As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants in the amount of at least $75,000.00; and

D. As to Plaintiff's invasion of privacy claim, an award of punitive damages in Plaintiff's favor and against Defendants in the amount of at least $75,000.00; and

E. As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable attorney's fees and costs in the amount of at least $50,000.00; and

F. As to Plaintiff's intentional and/or negligent infliction of emotional distress claim, an award of compensatory damages in Plaintiff's favor and against Defendants in the amount of at least $75,000.00; and

G. As to Plaintiff's intentional and/or infliction of emotional distress claim, an award of punitive damages in Plaintiff's favor and against Defendants in the amount of at least $75,000.00; and

H. A permanent injunction, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendants from initiating any telephone calls to Plaintiff in violation of the regulations prescribed under the TCPA; and

I. For such other and further relief as the Court may deem just and proper.

DATED: August 1, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Peter Cozmyk
Peter Cozmyk (OBN: 0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200
Independence, OH 44131
pcozmyk@cozmyklaw.com
P: 877-570-4440
F: 216-672-5261
*Attorney for Plaintiff
Austin Andenmatten*

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Austin Andenmatten demands trial by jury in this action.